**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2649
_____

DANIEL WARREN,
                                            Appellant

v.

SUSAN P. GANTMAN; WILLIAM H. PLATT; JACK A. PANELLA;
ANNE E. LAZARUS; PAULA FRANCISCO OTT; ALICE BECK DUBOW;
CAROLYN H. NICHOLS; MARIA MCLAUGHLIN; DEBORAH A. KUNSELMAN;
MARY P. MURRAY; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3;
JANE DOE 1; JANE DOE 2; JANE DOE 3, sued in their individual capacities
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-19-cv-02581)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 9, 2020
Before:  MCKEE, SHWARTZ and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 9, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Daniel Warren, a Pennsylvania state prisoner proceeding in forma pauperis, appeals from the District Court's order dismissing his complaint. For the reasons discussed below, we will summarily affirm the judgment with a modification.

In June 2019, Warren filed his complaint in the District Court, raising claims under 42 U.S.C. § 1983 against 13 judges of the Pennsylvania Superior Court. Warren alleged that his due process rights were violated when the Superior Court dismissed two of his appeals in October 2018 because he failed to file a brief. In March 2019, the Superior Court denied Warren's motions to strike those judgments. Warren has not pursued any further action in those Superior Court cases. In his complaint filed in the District Court, Warren sought damages and an injunction voiding the Superior Court's judgments. The District Court dismissed the complaint sua sponte and with prejudice, pursuant to Federal Rule of Civil Procedure 12(h)(3), for lack of subject matter jurisdiction, finding that Warren's claims were barred by the Rooker-Feldman doctrine.[1] This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a dismissal under Rule 12(h)(3), which requires dismissal if the court determines that it lacks subject matter jurisdiction, is plenary. See SEC v. Infinity Grp. Co., 212 F.3d 180, 186 n.6 (3d Cir. 2000); see also Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163–64 (3d Cir. 2010). We may summarily affirm "on any basis supported by the

_____

[1] See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

We agree with the District Court's determination that it lacked jurisdiction over Warren's complaint because inferior federal courts lack jurisdiction to review state court judgments. See 28 U.S.C. § 1257; D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). The Rooker-Feldman doctrine bars from federal consideration "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). It is limited to cases where the complained-of injury stems directly from the state court's proceedings, see Great W. Mining, 615 F.3d at 167, and where the state court's judgment was "effectively final," see Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 459 (3d Cir. 2019).

Here, Warren asked the District Court to reverse the Pennsylvania Superior Court's dismissals of his appeals, and he asked for damages stemming from those state court judgments. His complained-of injuries arose directly from the Superior Court's judgments, which were "effectively final" judgments rendered before the District Court proceedings commenced. See Malhan, 938 F.3d at 459 (quoting Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17 (1st Cir. 2005)) (explaining that a state court decision is effectively final where it has "reached a point where neither party seeks further action"). Thus, we will affirm the District Court's ruling that it lacked jurisdiction over Warren's complaint.

However, when a district court dismisses an action for lack of subject matter jurisdiction, the dismissal should be without prejudice. See N.J. Physicians, Inc. v. President of U.S., 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice"). Accordingly, we modify the District Court's order to dismiss the complaint without prejudice.[2] We will affirm the District Court's order as modified.

---

[2] Because amendment of the complaint would have been futile, the District Court properly denied Warren leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).